**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TIMOTHY J. WHITE,

      Plaintiff-Appellant,

vs.

ARLAN KLUTH; CITY OF
LITTLETON; JEFFREY BRITEGAM,

      Defendants-Appellees.

No. 98-1196
(D.C. No. 97-WY-1673-AJ)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **KELLY**, and **MURPHY**, Circuit Judges.

Plaintiff-Appellant Timothy White brought this civil rights action pursuant

to 42 U.S.C. § 1983 against Defendants-Appellees Arlan Kluth, Jeffrey Britegam,

and City of Littleton arising out of a criminal investigation which resulted in his

arrest, extradition, and prosecution. The district court granted summary judgment

to the Defendants on Mr. White's § 1983 claims as well as state law claims. Mr.

White abandons the state law claims in this appeal, but asserts that the court erred

in granting summary judgment on his § 1983 claims. Our jurisdiction over this

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal arises under 28 U.S.C. § 1291, and we affirm.

## Background

In April 1994, Mr. White and a companion, Katherine Anderson, moved to Colorado from South Carolina. Enroute, they stopped in Tennessee where Ms. Anderson, using a false local address, opened a checking account with $50. When they arrived in Colorado, Ms. Anderson opened another checking account, depositing a $2,500 check drawn on the Tennessee account and a $3,000 check made payable to and endorsed by Mr. White. Ms. Anderson again used a false address.

After a spending spree, Ms. Anderson was arrested in Colorado in May 1994 on state charges of check fraud. She was released on bail and then vanished. Defendant Officer Kluth of the Littleton Police Department contacted Mr. White, who told Officer Kluth that he did not know where Ms. Anderson was, but that he had ended their relationship because of her illegal check writing activities. Thirteen months later, in June 1995, Officer Kluth signed an affidavit of probable cause to arrest Mr. White on the basis of additional evidence which suggested that Mr. White was involved in Ms. Anderson's fraudulent check scheme. Specifically, Officer Kluth spoke by telephone to Mark Mitchell, whose wife had written the $3,000 check payable to Mr. White which Ms. Anderson used

to open the Colorado checking account. Mr. Mitchell indicated that the check was given to Mr. White as a security deposit on real estate in South Carolina. The negotiations for the property failed and Mr. White allegedly told the Mitchells that he would destroy the check. Instead, he endorsed the check to Ms. Anderson. Officer Kluth's affidavit was reviewed by three assistant district attorneys, all of whom determined that there was probable cause for an arrest warrant. A state magistrate issued the warrant to arrest Mr. White for the crime of felony theft.

The warrant was delivered to Defendant Deputy Sheriff Britegam, who contacted Mr. White by telephone at his home in Michigan. Deputy Britegam, who also had a warrant for Ms. Anderson's arrest, asked if Mr. White knew where Ms. Anderson was, and indicated that cooperation in finding her would be reciprocated by allowing Mr. White to come voluntarily to Colorado. Deputy Britegam later spoke several times with Mr. White's attorney regarding the execution of the warrant. Mr. White was subsequently picked up in Tennessee, jailed for 45 days, and extradited to Colorado. Mr. White's criminal case was later dismissed.

In this case, Mr. White maintains that Officer Kluth violated his constitutional rights by swearing out an affidavit which lacked probable cause in order to coerce Mr. White into revealing the location of Ms. Anderson; that

Deputy Britegam conspired with Officer Kluth in attempting to enforce the falsely-obtained warrant; and that the City of Littleton failed to properly train its law enforcement officers. Mr. White claims that the district court erred in granting summary judgment to the defendants based on qualified immunity.

Discussion

We review de novo the district court's grant of summary judgment. See Taylor v. Meacham, 82 F.3d 1556, 1559 (10th Cir. 1996). In order to determine whether the motion was properly granted on the basis of a qualified immunity defense, we must ask whether Mr. White asserted the violation of a clearly established constitutional right, and then whether he has presented facts which if true demonstrate that Defendants' conduct violated that right. See id.

Defendants conceded that the law was clearly established that an arrest warrant must be supported by probable cause at the time of its issuance. Thus the district court went on to consider whether Officer Kluth's or Deputy Britegam's actions violated Mr. White's right to be free of a warrantless arrest. The relevant question is "whether a reasonably well-trained officer . . . would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." Malley v. Briggs, 475 U.S. 335, 345 (1986).

As to Officer Kluth, the district court found that Mr. White failed to offer

any evidence to support his allegation that Officer Kluth submitted the affidavit, knowing that it lacked probable cause, merely in order to coerce Mr. White into revealing the whereabouts of Ms. Anderson. We agree. Mr. White complains that, in making its finding, the district court made inferences only in favor of Officer Kluth. Thus he points to the conflicting evidence facing Officer Kluth at the time he swore out the affidavit, and argues that Officer Kluth should not have accepted Ms. Anderson's and the Mitchells' version of events over his own. However, apart from his own assertions, he fails to produce evidence showing that, faced with the conflicting evidence, "no officer of reasonable competence would have requested the warrant." Id. at 346 n.9. In contrast, Officer Kluth offered affidavits from experienced police officers who maintain that a reasonable officer in his position would have found probable cause to arrest Mr. White. In addition, Officer Kluth submitted his affidavit for review to three assistant district attorneys, all of whom independently determined that there was probable cause. Having reviewed the record, we are satisfied that Officer Kluth did not violate Mr. White's Fourth and Fourteenth Amendment rights.

Mr. White alleges that Deputy Britegam "was part of a conspiracy to charge, arrest and prosecute [him] for a non-existent crime." Aplt. Brief at 21. The district court found that there was no evidence other than Mr. White's assertions that a there was a conspiracy, and that Deputy Britegam was

objectively reasonable in enforcing a facially valid warrant. We agree that there is no evidence in the record to support Mr. White's theory of a conspiracy, and that Deputy Britegam was not required to investigate the underlying facts of a facially valid warrant. See Baker v. McCollan, 443 U.S. 137, 145-46 (1979).

Finally, because neither Officer Kluth nor Deputy Britegam violated Mr. White's constitutional rights, Mr. White's claims against the City of Littleton also fail. See Webber v. Mefford, 43 F.3d 1340, 1344-45 (10th Cir. 1994) ("A claim of inadequate training, supervision, and policies under § 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation by the person supervised.").

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge